IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANICE E. STANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-1104-CV-W-ODS |
| | ) |
| CERTAIN UNDERWRITERS AT | ) |
| LLOYD'S OF LONDON, | ) |
| | ) |
| Defendant. | ) |

### ORDER AND OPINION DENYING MOTION TO WITHDRAW REFERENCE (DOC. 1)

Defendant moves the Court to withdraw a case referred to the United States Bankruptcy Court for the Western District of Missouri. The motion is denied.

## I. BACKGROUND

Plaintiff is the trustee appointed in a pending bankruptcy proceeding initiated by Debtor Buckeye Development Company, Inc. (Case No. 09-45739-abf7). Plaintiff brought an adversarial proceeding against Defendant alleging real property owned by Buckeye had been damaged by fire and that Defendant was obligated by an insurance policy to repair (Case No. 11-04184-abf). In addition to her claim of specific performance, Plaintiff also requested damages and attorney fees under Missouri's statutes for vexatious refusal to pay, Mo. Ann. Stat. §§ 375.296 and 375.420.

Defendant filed an answer demanding a jury trial. Defendant also moved to dismiss Plaintiff's claim for vexatious refusal to pay, arguing Plaintiff failed to plead facts showing that Defendant's refusal to pay was vexatious and without reasonable cause. In response, Plaintiff argued she had only asserted one count for relief – specific performance – and that was only seeking a "penalty" for vexatious refusal to pay – not asserting a "claim." Nevertheless, she asserted she had been premature in alleging vexatious refusal to pay and requested that portion of her prayer for relief be dismissed

without prejudice. Before the bankruptcy court ruled Plaintiff's request, Defendant moved to withdraw the case from the bankruptcy court.

## II. DISCUSSION

The Court may withdraw a case or proceeding referred to the bankruptcy court "for cause shown." 28 U.S.C.A. § 157(d). The Court concludes cause has not been shown to withdraw the reference at this time.

The fact that Defendant has requested a jury trial is one of the factors courts consider in deciding whether to withdraw a case from the bankruptcy court. *See In re H & W Motor Express Co.*, 343 B.R. 208, 214 (N.D. Iowa 2006). Plaintiff argues Defendant is not entitled to a jury trial, but Plaintiff is mistaken. Since she made a claim for damages in her complaint, Defendant has a right to trial by jury. *See Curtis v. Loether*, 415 U.S. 189, 195-96 (1974).[1]

Defendant's demand for a jury trial does not in itself justify immediate withdrawal, however. "[T]he district court will usually refrain from doing so until the matter is ripe for trial." Bankr. Prac. for Gen. Practitioner § 4:5 (footnote omitted). Defendant contends that not withdrawing the reference is inefficient because this Court will be required to review "any findings" made by the bankruptcy court. But "[t]he bankruptcy court has authority, even when a jury trial has been demanded, to supervise discovery, conduct pretrial conferences, and rule on motions." *In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (D. Colo. 1994). The Court concludes judicial efficiency would be better served by keeping this case before the bankruptcy court, at least for pretrial proceedings, because the bankruptcy court is more familiar with the trustee's and the debtor's situations, and is cognizant of the impact this case will have on the bankruptcy proceedings.[2]

---

[1] Plaintiff may have denominated that portion of her prayer a "penalty" for vexatious refusal to pay, but in substance it is a claim for damages.

[2] Indeed, one of the factors that weighs against withdrawal generally is when withdrawal would impact "the uniformity of bankruptcy administration," *H & W Motor Express Co.*, 343 B.R. at 214. Defendant contends Plaintiff's suit should not impact the

2

Defendant also contends it is not forum shopping but "seek[ing] a forum where it can effectively conduct the needed discovery." Defendant asserts "the accelerated discovery order issued in the bankruptcy Court cannot accommodate the amount of discovery needed in this case." But seeking withdrawal to avoid an applicable order of the bankruptcy court seems remarkably similar to – if it is not actually – forum shopping, and it is not an appropriate reason to withdraw the reference.[3]

Furthermore, by denying Defendant's motion, the Court will avoid delving into the parties' contentions whether Plaintiff's action constitutes a "core" or "non-core" proceeding. As Plaintiff points out, § 157(b)(3) states the *bankruptcy court* should make this determination: "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." The Court acknowledges there is a conflict of authority whether § 157(b)(3) grants the bankruptcy court *exclusive* authority to decide whether a proceeding is core or non-core. *Compare In re Enron Corp.*, 318 B.R. 273, 275 (S.D.N.Y. 2004), *with In re CIS Corp.*, 172 B.R. 748, 755 (S.D.N.Y. 1994). Without controlling Eighth Circuit authority requiring a different result, the Court concludes the bankruptcy court should decide whether Plaintiff action is a core proceeding because that is the procedure most consistent with § 157(b)(3). And the bankruptcy court has customary expertise in this area, which is another reason it should make the core/non-core determination.

---

administration of the bankruptcy estate because Plaintiff's suit is a non-core proceeding. But even if it is non-core, that does not mean it will not impact the bankruptcy estate. *See In re Farmland Industries, Inc.*, 567 F.3d 1010, 1019-20 (8th Cir. 2009) (discussing when action is related to bankruptcy).

[3] Defendant offers reasons for being granted additional time for discovery, and the Court expresses no opinion on the merit of those reasons. Rather, they should be presented to the bankruptcy court for it to decide whether its discovery order should be modified.

3

## III. CONCLUSION

Defendant's motion to withdraw the action referred to the bankruptcy court is denied without prejudice.
IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 3, 2012                        UNITED STATES DISTRICT COURT